UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 03-88(DSD/JSM)
Civil No. 07-191(DSD)

United States of America,

        Plaintiff,

v.                                                **ORDER**

Melvin Dewayne Lockett,

        Defendant.


This matter is before the court upon defendant's pro se petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Based upon a review of the file, record and proceedings herein, and for the following reasons, defendant's petition is denied.


**BACKGROUND**

Defendant Melvin D. Lockett was charged by grand jury in a two-count indictment on March 19, 2003.  Count one charged defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Count two charged defendant with possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d).  Prior to trial, defense counsel filed numerous pretrial motions, including a motion to suppress defendant's statements to the police.  Magistrate Judge Janie S. Mayeron presided over an evidentiary hearing on April 22, 2003, at

which the government called officers to testify about the circumstances surrounding defendant's statements to police. The magistrate judge issued a report and recommendation on May 6, 2003, recommending that defendant's motion to suppress be denied. Defendant did not object to the report and recommendation. The court adopted the report and recommendation on May 27, 2003, and denied defendant's motion to suppress. Defendant went to trial on June 2, 2003, and the jury returned a guilty verdict on each count the next day.

On January 6, 2004, the court sentenced defendant. Prior to the sentencing hearing, defendant's attorney objected on numerous grounds to the probation officer's calculation of the advisory guidelines and filed a sentencing position paper for the court's consideration. At the sentencing hearing, defendant's attorney advocated that, among other things, the firearm enhancements should not apply and that defendant's criminal history score significantly overrepresented the seriousness of his criminal history. The court rejected defendant's arguments and sentenced defendant as an armed career criminal. The court determined that the applicable Sentencing Guidelines were a total offense level of 34 and a criminal history category of VI, which resulted in an advisory imprisonment range of 262 to 327 months. The court sentenced defendant to 262 months of imprisonment.

On January 9, 2004, defendant filed a notice of appeal.  On appeal, defendant challenged the court's determination of the admissibility of his statements to police and the sufficiency of the evidence against him.  On January 7, 2005, the Eighth Circuit Court of Appeals affirmed defendant's conviction and sentence. United States v. Lockett, 393 F.3d 834, 839 (8th Cir. 2005).  In a supplemental brief requesting rehearing en banc, defendant raised additional issues, including the impact of United States v. Booker, 543 U.S. 220 (2005), and United States v. Shepard, 544 U.S. 13 (2005).  After additional briefing from both defendant and the government, the court of appeals denied defendant's motion for rehearing en banc on October 26, 2005.  The Supreme Court denied defendant's petition for certiorari on February 21, 2006.

On December 12, 2006, defendant moved to vacate, set aside or correct the court's sentence pursuant to 28 U.S.C. § 2255 on the grounds that he received ineffective assistance of counsel in violation of the Sixth Amendment.  Defendant alleges that his attorney acted unreasonably throughout trial, sentencing and the appeal process.  Defendant also argues that the prior convictions used to qualify him as an armed career criminal are constitutionally invalid; that he was illegally arrested in violation of his Fourth and Fifth Amendment rights and the standards set forth in Miranda v. Arizona, 384 U.S. 436 (1966), and Terry v. Ohio, 392 U.S. 1 (1968); and that he was subject to

prosecutorial misconduct because the prosecuting attorney knowingly withheld exculpatory evidence from defendant and the court.

## DISCUSSION

### I.   Section 2255 Petition

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court.  28 U.S.C. § 2255; see United States v. Addonizio, 442 U.S. 178, 185 (1979); Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997).  Collateral relief is considered an extraordinary remedy. Bousley v. United States, 523 U.S. 614, 621 (1998).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  An evidentiary hearing is not necessary on a § 2255 motion if the "motion, files and records of the case conclusively show that [defendant] is entitled to no relief."  28 U.S.C. § 2255.

### II.  Ineffective Assistance of Counsel

Defendant's claim that he received ineffective assistance of counsel is properly raised in a § 2255 petition. United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006).  To

establish a claim of ineffective assistance, defendant must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984).  See Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005).  First, defendant must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment.  Strickland, 466 U.S. at 687.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the court reviews counsel's performance with significant deference.  Id. at 689.  Further, the court will not "second-guess trial strategy or rely on the benefit of hindsight."  Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006).  In reviewing counsel's performance, the court does not ask whether counsel's decisions were "correct or wise," but rather determines whether a decision "was an unreasonable one which only an incompetent attorney would adopt."  United States v. Flynn, 87 F.3d 996, 1001 (8th Cir. 1996) (internal quotations omitted).  Second, defendant must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Strickland, 466 U.S. at 694.  In other words, defendant has the burden to prove that he likely would have prevailed on the issues had they been properly presented by his attorney.  Anderson, 393 F.3d at 753-54.

Defendant alleges a litany of deficiencies in his counsel's performance during and after trial. Specifically, he argues that counsel failed to properly challenge the prior convictions that were the basis for his armed career criminal status, to challenge the improper application of the sentencing guidelines, to object to the presentence investigation report, to present the case as defendant requested, to properly investigate, to properly cross-examine and call witnesses, to make appropriate objections, to present any mitigating evidence, to present a proper closing argument and to put the government's case to the test. The court evaluates these arguments using the Strickland standard.

### A.    Counsel's Conduct at Trial

Throughout his § 2255 petition, defendant disparages the preparation, effort and strategy of his trial counsel. However, having observed the actions of defendant's counsel throughout the trial, the court finds that counsel's conduct fell within the wide range of acceptable professional assistance. Defendant's counsel filed numerous pretrial motions to suppress and for discovery and inspection. (See Doc. Nos. 11-17.) Further, defendant's counsel cross-examined government witnesses, made objections, presented evidence and called a witness on his behalf. To question the manner in which defendant's counsel executed any of these

activities would be to second guess trial strategy, and the court will not engage in such an exercise.  See Williams, 452 F.3d at 1013.

Defendant also argues that his counsel should have called defendant's girlfriend, Karen Nagel, to testify at trial. Counsel's decision not to call a witness was also a matter of trial strategy.  See Battle v. Armontrout, 814 F. Supp. 1412, 1421 (E.D. Mo. 1993).  The court does not find counsel's decision not to call Nagel unreasonable.  Moreover, to the extent that defendant asserts that Nagel could offer evidence supporting the alleged Miranda violations, defendant is barred from raising the issue in this petition because the Eighth Circuit addressed the matter on direct appeal.[1]  See United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) (claims raised and decided upon direct appeal not available for collateral attack in § 2255 petition).  For these reasons, the court will not vacate, set aside or correct defendant's conviction or sentence based on counsel's trial performance.

### B.   Counsel's Post-Trial Conduct

Defendant's remaining ineffective assistance of counsel allegations concern counsel's post-trial actions related to sentencing.  Defendant first alleges that counsel did not properly object to the presentence investigation report or to the

---

[1]   Further, the issue of suppression and possible Miranda violations had already been decided by the magistrate judge during pretrial proceedings and was not an issue at trial.

application of the Sentencing Guidelines.  Contrary to defendant's argument, however, defendant's counsel made numerous objections to the presentence report and moved for a downward departure pursuant to Sentencing Guidelines section 4A1.3.  (<u>See</u> Tr. of Sentencing Hr'g, Jan. 6, 2004, at 2-7.)  By arguing that defendant's criminal history category as an armed career criminal significantly overrepresented the seriousness of his criminal history, his counsel challenged both the presentence investigation report and the application of the Sentencing Guidelines.  Moreover, defendant's counsel filed a supplemental petition for rehearing with the Eighth Circuit Court of Appeals on September 12, 2005, that challenged the application of the Sentencing Guidelines under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>United States v. Booker</u>, 543 U.S. 220 (2005).  The fact that the Eighth Circuit did not grant the petition for rehearing does not render defendant's counsel's assistance ineffective.  Rather, the court finds that his counsel acted well within the range of reasonable professional assistance.

Defendant next alleges that counsel failed to adequately investigate or challenge the prior convictions that qualified him for armed career criminal status.  Pursuant to 18 U.S.C. § 924(e)(1), a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense shall be imprisoned not less than fifteen years.  18 U.S.C.

8

§ 924(e)(1); see id. §§ 922(g)(1), 924(e)(2).  Defendant had four prior convictions that qualified him as an armed career criminal under § 924(e)(1): a second degree burglary conviction in 1981, a sale of a controlled substance conviction in 1986, a first degree burglary conviction in 1988, and a third degree burglary conviction in 1993.  Defendant argues that his 1993, 1988 and 1986 convictions are not predicate offense for purposes of § 924(e)(1) and that his counsel should have prevented the armed career criminal designation.  Specifically, defendant asserts that his civil rights were restored on his 1993 conviction, his 1988 offense was not a "categorical match" with Taylor v. United States, 495 U.S. 575 (1990), and his sentence for the 1986 drug conviction did not meet the ten-year maximum as required by § 924(e)(1).

First, defendant argues that Minnesota Statutes section 609.713 restored his civil rights on his third degree burglary conviction in 1993.  Section 609.713 addresses terroristic threats and makes no mention of the restoration of civil rights.  See Minn. Stat. § 609.713.  Therefore, defendant's 1993 conviction qualifies as a predicate offense.  Second, defendant argues that his first degree burglary conviction is not a violent felony as defined in § 924(e)(2)(B).  However, burglary, even of a non-dwelling, "always creates a serious potential risk of physical injury to another, it qualifies as a crime of violence." United States v. Mohr, 407 F.3d 898, 901-02 (8th Cir. 2005) (internal quotations omitted).

Finally, defendant argues that his 1986 controlled substance conviction is not a predicate offense because the maximum sentence he could have received was "a term of 16 mo's [sic] 2-3 years" - less than the ten year maximum required to be considered a serious drug offense for purposes of § 924(e)(2).   (Def. Pet. at 16.) Despite this claim, defendant provides no evidence of the maximum term of imprisonment for which his offense was punishable. Morever, even if the conviction did not qualify as a serious drug offense, defendant committed an additional burglary that serves as the required third predicate offense.  For these reasons, no amount of investigation and argument by defendant's counsel could have prevented the court from applying the armed career criminal enhancement to defendant.   Because the result would not have changed, defendant has failed to satisfy <u>Strickland</u>'s second prong, and the court will not vacate, set aside or correct his sentence for ineffective assistance of counsel.

## III.   Armed Career Criminal Designation

Defendant argues that the four prior convictions used to qualify him as an armed career criminal are constitutionally invalid.   As discussed above, however, the convictions met the criteria set forth in 18 U.S.C. § 924(e) and properly served as the basis for defendant's armed career criminal status.   Accordingly, the court will not vacate, set aside or correct defendant's sentence on this ground.

## IV.  Fourth and Fifth Amendment Rights Violations

Defendant argues that police officers violated his Fourth and Fifth Amendment rights as explained in <u>Miranda v. Arizona</u> and <u>Terry v. Ohio</u> when they encountered defendant on September 6, 2002.  On appeal, the Eighth Circuit Court of Appeals rejected defendant's arguments and affirmed this court's order that suppression of defendant's statements to police was not warranted.  (<u>See</u> Eighth Circuit Ct. of App. Order of Jan 7, 2005, Doc. No. 53.)  Defendant is therefore foreclosed from collaterally attacking the same issues in his § 2255 petition.  <u>See</u> <u>United States v. Wiley</u>, 245 F.3d 750, 752 (8th Cir. 2001); <u>Shabazz</u>, 657 F.2d at 190.  Further, because defendant did not raise the <u>Terry</u> issue on direct appeal, he is barred from doing so for the first time in his § 2255 petition. <u>See</u> <u>Matthews v. United States</u>, 114 F.3d 112, 113 (8th Cir. 1997). The court will excuse a procedurally defaulted claim only if defendant can show both cause and actual prejudice or that he is "actually innocent."  <u>See</u> <u>Bousley</u>, 523 U.S. at 622.  Defendant has not provided any evidence of cause, actual prejudice or actual innocence.  Therefore, the court will not vacate, set aside or correct defendant's sentence for violation of his Fourth of Fifth Amendment rights.

## V.  Prosecutorial Misconduct

Defendant argues that the Assistant United States Attorney ("AUSA") prosecuting the case knowingly withheld exculpatory

evidence from the defense and the court.  Specifically, he alleges that the AUSA withheld a September 7, 2002, tape recorded interview in which defendant claimed not to possess a gun of any kind. Defendant, however, offers no proof of the tape's existence or of the AUSA's attempt to withhold it.  Defendant's bare accusation of wrongdoing does not amount to prosecutorial misconduct, and the court will not vacate, set aside or correct defendant's sentence on such a ground.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that defendant's petition to vacate, set aside or correct his sentence [Docket No. 57] is denied.

Dated:  July 25, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court