```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
             Criminal No. 03-88(1)(DSD/JSM)
```

United States of America,

       Plaintiff,

v.                                              **ORDER**

Melvin Dewayne Lockett,

       Defendant.

This matter is before the court upon the pro se motion of defendant Melvin Dewayne Lockett for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b). Based upon a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

The background of this matter is fully set out in previous orders, and the court recites only those facts necessary to the disposition of the instant motion. On June 3, 2003, a jury convicted Lockett of felon in possession of a firearm and possession of an unregistered firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) and 26 U.S.C. § 5861(d). The court sentenced Lockett to a term of imprisonment of 262 months, and the Eighth Circuit affirmed Lockett's conviction and sentence. See United States v. Lockett, 393 F.3d 834, 835 (8th Cir. 2005) cert. denied, 546 U.S. 1198 (2006). On January 12, 2007, Lockett moved to

vacate, set aside or correct the court's sentence pursuant to 28 U.S.C. § 2255 on several grounds, including that the prior convictions used to qualify him as an armed career criminal were constitutionally invalid.  See ECF No. 57.  The court denied defendant's motion.  See ECF No. 66.  Lockett then sought relief pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of California.  That court construed Lockett's petition as seeking relief pursuant to § 2255 and transferred the action to this court. On March 18, 2009, the court denied Lockett's second § 2255 petition due to his failure to obtain certification to file a successive motion from a panel of the appropriate court of appeals as required by § 2255(h).  See ECF No. 83.

On July 15, 2009, Lockett filed a writ of audita querela again challenging the court's determination that he was an armed career criminal.  See ECF No. 84.  The court denied the petition and the Eighth Circuit affirmed.  See ECF No. 89.  On March 4, 2010, Lockett moved to correct his sentence pursuant to Federal Rule of Civil Procedure 35(a) on the basis that he is not an armed career criminal.  See ECF No. 91.  The court denied the motion.  See ECF No. 92.  Lockett now moves to correct his sentence pursuant to Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure.

**DISCUSSION**

A court may grant relief under Rule 60(b) on grounds that "the judgment is void" or "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(4), (6). As an initial matter, the instant motion fails under Rule 60(b) because it is delayed nearly four years. Such delay is not reasonable, and denial is warranted. Moreover, a defendant may not bypass the authorization requirement of § 2255 by purporting to invoke some other procedure. United States v. Washington, No. 06-1476, 2007 WL 60401, at *1 (8th Cir. Jan. 10, 2007) (citing United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002)); see also United States v. Moss, No. 05-2700, 2006 WL 870796, at *1 (8th Cir. Apr. 6, 2006); United States v. Williams, No. 05-2237, 2006 WL 688186, at *1 (8th Cir. Mar. 20, 2006). A 60(b) motion is not a successive habeas motion if it attacks the district court's previous resolution of a claim on procedural grounds. Washington, 2007 WL 60401, at *1 (citing Gonzalez v. Crosby, 545 U.S. 524 (2005) (addressing § 2254 habeas petition)). If, however, a purported Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer" the motion to the Court of Appeals. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam).

A review of the instant petition shows that it is actually a successive habeas petition. Lockett argues that the court improperly used his prior convictions to qualify him as an armed career criminal, that the court should have used a modified-categorical approach to determine whether these convictions were crimes of violence, and that his nolo contendere plea does not support an enhanced sentence. These arguments attack his designation as an armed career criminal, not a procedural defect in the habeas proceedings. Moreover, Lockett has already raised, or could have raised, all of these arguments in previous habeas petitions. As a result, the instant motion is a successive habeas petition. Lockett has not obtained certification to file a successive motion from a panel of the appropriate court of appeals as required by § 2255(h) and therefore the motion is denied.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Lockett's petition for relief from a judgment or order pursuant to Rule 60(b) [ECF No. 93] is denied.

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: July 7, 2011

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court