```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Criminal No. 03-88(DSD/JSM)
```

United States of America,

        Plaintiff,

v.                                             **ORDER**

Melvin Dewayne Lockett,

        Defendant.


This matter is before the court upon the pro se motion by defendant Melvin Dewayne Lockett for relief from a judgment or order pursuant to Rule 60(b). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

The background of this matter is fully set out in previous orders, and the court recites only those facts necessary to the disposition of the instant motion. On June 3, 2003, a jury convicted Lockett of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e), and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). The court sentenced Lockett to a term of imprisonment of 262 months, and the Eighth Circuit affirmed the conviction and sentence. See United States v. Lockett, 393 F.3d 834, 835 (8th Cir. 2005).

On January 12, 2007, Lockett moved pursuant to 28 U.S.C. § 2255 to vacate the court's sentence. See ECF No. 57. The court denied the motion. See ECF No. 66. Lockett then sought relief pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of California. That court construed Lockett's petition as seeking relief pursuant to § 2255 and transferred the action to this court. On March 18, 2009, the court denied Lockett's second § 2255 petition due to his failure to obtain certification from the Eighth Circuit to file a successive motion. See ECF No. 83.

On July 20, 2009, Lockett filed a writ of audita querela, again challenging the court's determination that he was an armed career criminal. See ECF No. 84. The court denied the petition and the Eighth Circuit affirmed. See ECF Nos. 85, 89. On March 4, 2010, Lockett moved to correct his sentence pursuant to Federal Rule of Civil Procedure 35(a) on the basis that he was not an armed career criminal. See ECF No. 91. The court denied the motion. See ECF No. 92. On April 21, 2011, Lockett moved to correct his sentence pursuant to Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure. See ECF No. 93. The court denied the motion. See ECF No. 98.

On July 15, 2013, Lockett filed the instant motion to correct his sentence pursuant to Rule 60(b)(4). ECF No. 104.[1]

**DISCUSSION**

A court may grant relief under Rule 60(b) if, among other reasons, "the judgment is void" or if there is "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(4), (6). Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2255 petition. See, e.g., United States v. Borrero, Nos. 03-281, 08-1160, 2010 WL 3927574, at *1 (D. Minn. Oct. 5, 2010). Under § 2255, however, "a second or successive § 2255 motion may not be entertained by a district court unless the defendant has obtained approval from the Court of Appeals. The Eighth Circuit has repeatedly held that a defendant may not avoid this restriction by couching a second or successive motion as a Rule 60(b) motion." Id. (citations omitted). If a purported Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the motion ... to the Court of Appeals."

---

[1] On September 16, 2013, Lockett filed a largely-duplicative motion requesting that the court "re-open his Habeas Corpus pursuant to 28 U.S.C. § 2255." ECF No. 112.

Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam).

A review of the instant motion demonstrates that it is a successive habeas petition. Rule 60(b) motions "allow[] for attacks on the integrity of a civil habeas proceeding, but do[] not allow for the attack of the underlying conviction and sentencing in [a] criminal case." United States v. Graham, No. 98-1797, 2005 WL 2105474, at *2 (D. Minn. Aug. 26, 2005) (citation omitted). Here, Lockett does not challenge the integrity of his habeas proceedings. Rather, Lockett argues that relief is justified based on the holding of Descamps v. United States, 133 S. Ct. 2276 (2013). Specifically, Lockett argues that the holding of Descamps — that a prior burglary conviction under California Penal Code § 459 is not a violent felony within the meaning of the Armed Career Criminal Act — entitles him to reconsideration of his sentence. See id. at 2285-86. This argument, however, attacks Lockett's designation as an armed career criminal rather than a procedural defect in the habeas proceedings. Because the motion "does not attack the procedure surrounding his habeas motion, but rather, his conviction and sentencing," it is correctly characterized as a successive § 2255 motion. Graham, 2005 WL 2105474, at *2; cf. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) ("[A] Rule 60(b) motion based on a purported change in the substantive law governing the claim ... would impermissibly circumvent the requirement that a successive

4

habeas petition [pursuant to 28 U.S.C. § 2244] be precertified by the court of appeals as falling within an exception to the successive-petition bar." (citation omitted)). As a result, because Lockett has not obtained certification to file a successive motion from the Eighth Circuit, the motion is denied.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motions for relief from judgment [ECF Nos. 104, 112] are denied.

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 24, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court