UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 03-88(1)(DSD/JSM)

United States of America,

       Plaintiff,

v.                              **ORDER**

Melvin Dewayne Lockett,

       Defendant.

This matter is before the court upon the pro se motion by defendant Melvin Dewayne Lockett for reconsideration of the court's September 24, 2013, order denying the motion for relief from judgment.[1] Motions to reconsider require the "court's prior permission," which will be granted only upon a showing of "compelling circumstances." D. Minn. LR 7.1(j); see United States v. Fenner, No. 06-211, 2012 WL 2884988, at *1 (D. Minn. July 13, 2012) (applying Local Rule 7.1 to § 2255 petition). Lockett has not received permission from the court, and this alone warrants denial of his motion to reconsider.

Even if the court were to construe Lockett's motion as a request for permission to file a motion to reconsider, it would be denied. A motion to reconsider should not be employed to

---

[1] Although Lockett cites Federal Rule of Criminal Procedure 52(b), that rule is not applicable here. Rule 52(b) simply provides that a "plain error that affects substantial rights may be considered even though it was not [previously] brought to the court's attention."

relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993).  Here, Lockett raises no new arguments in his motion. Instead, Lockett argues that the holding of Descamps v. United States, 133 S. Ct. 2276 (2013) — that a prior burglary conviction under California Penal Code § 459 is not a violent felony within the meaning of the Armed Career Criminal Act — entitles him to reconsideration of his sentence.  Such an argument is not new, however, as Lockett previously raised it in his largely-duplicative motions of July 15 and September 16, 2013.  See ECF Nos. 104, 112. The court previously found that the motions "attack[ed] Lockett's designation as an armed career criminal rather than a procedural defect in the habeas proceedings."  ECF No. 114, at 4.  As a result, the court construed the motions as a successive 28 U.S.C. § 2255 petition and denied the motions because Lockett had not obtained the required certification from the Eighth Circuit.  See 28 U.S.C. § 2255(h).  The court has reviewed the motion and the September 24, 2013, order of the court and finds that no compelling circumstances are present.  As a result, reconsideration is not warranted.

2

Accordingly, **IT IS HEREBY ORDERED** that the motion to reconsider [ECF No. 120] is denied.

Dated:  January 13, 2014

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court